1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE WEAVER,

11            Plaintiff,                    No. 2:12-cv-1091 DAD P

12        vs.

13   ATTORNEY HILARY DAVISSON,

14            Defendant.              ORDER
     _____/

15
             Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights action
16
     pursuant to 42 U.S.C. § 1983.  Plaintiff has not, however, filed an in forma pauperis affidavit or
17
     paid the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff will be provided the
18
     opportunity either to submit the appropriate affidavit in support of a request to proceed in forma
19
     pauperis or to submit the appropriate filing fee.
20
             The court is required to screen complaints brought by prisoners seeking relief
21
     against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
22
     § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
23
     claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
24
     granted, or that seek monetary relief from a defendant who is immune from such relief.  28
25
     U.S.C. § 1915A(b)(1),(2).
26

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a

9    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13   complaint under this standard, the court must accept as true the allegations of the complaint in

14   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17   Plaintiff has named his criminal defense attorney as the sole defendant in this civil

18   action.  He alleges that he has asked his attorney to move to dismiss the criminal charges pending

19   against him due to the insufficiency of the evidence, but she won't do so.  Plaintiff further alleges

20   that his criminal attorney has "never interviewed" two alibi witnesses.  (Compl. at 3.)  Plaintiff

21   seeks monetary damages, including punitive damages.  Id.

22   It is unclear whether plaintiff has been convicted of the criminal charges referred

23   to in his complaint.  In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court

24   established "a 'circumscribed exception to mandatory federal jurisdiction.'"  Baffert v. California

25   Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003) (internal citation omitted).  Under Younger,

26   a federal court is required to abstain from exercising federal jurisdiction over claims which

1  would interfere with state judicial proceedings "'if the state proceedings (1) are ongoing, (2)

2  implicate important state interests, and (3) provide the plaintiff an adequate opportunity to

3  litigate federal claims.'" Canatella v. California, 404 F.3d 1106, 1109-10 (9th Cir. 2005)(quoting

4  Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 712 (9th Cir. 1995)).  In such

5  circumstances, the federal court must dismiss the action.  Baffert, at 617.  Younger arose from

6  state criminal proceedings.  If plaintiff's criminal proceedings are ongoing, it is likely this court

7  will be required to dismiss the action under Younger, because California law provides an

8  adequate opportunity to litigate plaintiff's claims of ineffective assistance of counsel.

9          If plaintiff has been convicted, it is likely this action is barred by Heck v.

10  Humphrey, 512 U.S. 477 (1994).  In Heck, the United States Supreme Court held that a suit for

11  damages on a civil rights claim concerning an allegedly  unconstitutional conviction or

12  imprisonment cannot be maintained absent proof "that the conviction or sentence has been

13  reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

14  authorized to make such determination, or called into question by a federal court's issuance of a

15  writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.

16          Under Heck, the court is required to determine whether a judgment in plaintiff's

17  favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the

18  complaint must be dismissed unless the plaintiff can show that the conviction or sentence has

19  been invalidated.  If plaintiff has been convicted, his claims would implicate the validity of that

20  conviction and there is no suggestion that any conviction has been invalidated.

21          For the foregoing reasons, this court finds this action may be subject to dismissal

22  without prejudice.  Plaintiff will be granted a period of thirty days in which to voluntarily dismiss

23  the action if he wishes to do so in light of the applicable legal standards addressed above.  See

24  Fed. R. Civ. P. 41(a).

25          In accordance with the above, IT IS HEREBY ORDERED that:

26  /////

1      1.  Plaintiff shall submit, within thirty days from the date of this order, an affidavit

2  in support of his request to proceed in forma pauperis on the form provided by the Clerk of

3  Court, or the appropriate filing fee and failure to comply with this order may result in a

4  recommendation that this action be dismissed pursuant to Local Rule 110 and Fed. R. Civ. P.

5  41(b);

6      2.  The Clerk of the Court is directed to send plaintiff a new Application to

7  Proceed In Forma Pauperis By a Prisoner; and

8      3.  Plaintiff is granted thirty days from the date of this order in which to

9  voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a) if he wishes to do so.

10  DATED: June 1, 2012.

11

12                                    _Dale A. Drozd_____

13                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE
14

15

16  DAD:12
    weav1091.3a+
17

18

19

20

21

22

23

24

25

26

4